Case: 3:09-cv-00086-wmc Document #: 51 Filed: 08/06/09 Page 1 of 14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

PAUL FRITZ, individually and on behalf of all others similarly situated,

Plaintiff,

Case No. 3:09-cv-000086

vs.

DHL EXPRESS (USA), INC., W&A CARGO MANAGEMENT, INC., a/k/a W&A Cargo Ent. Inc., d/b/a W.H.I.I., LLC, NATHAN WHITE, and CHRIS HOLZKEMPER

Defendants.

---

**CONFIDENTIALITY STIPULATION AND AGREED PROPOSED PROTECTIVE ORDER**

---

WHEREAS Defendants W&A Cargo Management, Inc., a/k/a W&A Cargo Ent. Inc., d/b/a/ W.H.I.I., LLC (W.H.I.I.) and DHL Express (USA), Inc. ("DHL") possess sensitive and confidential information that may be disclosed in responding to discovery requests or otherwise in this action and that must be protected in order to preserve their legitimate business interests, and in order to protect confidential information about employees who are not parties to this action and;

WHEREAS discovery may call for the disclosure of confidential business information that W.H.I.I. and DHL may possess and need to protect, as well as confidential information about employees who are not parties to this proceeding; and

WHEREAS Plaintiff, W.H.I.I., and DHL have stipulated to the entry of this Protective Order, by counsel, to prevent unnecessary dissemination or disclosure of such sensitive and confidential information, during the course of discovery or otherwise.

## STIPULATION

THEREFORE, THE PARTIES STIPULATE that the following may be entered as the parties Protective Order:

### Definitions

1. The following definitions shall apply to this Stipulation and Protective Order:

(a) The term "Confidential Information" means information that will disclose confidential and nonpublic technical, commercial, financial, personal or business information that would provide others with an unfair competitive or improper advantage, including, but not limited to, trade secrets, as well as personal information, including medical information, about persons who are not parties to this proceeding.

"Confidential Information" also means save for plaintiffs' an individual's private or personal information which, if disclosed, would violate the privacy rights of that individual.

"Confidential Information" may include documents or things produced in this action (during formal discovery or otherwise),

information produced by non-parties, responses to discovery requests, and information or items disclosed during depositions, hearings or at trial. Information originally designated as "Confidential Information" shall not retain that status after any ruling by this Court denying such status to it.

(b) The term "designating party" means the party producing or designating information as Confidential Information under this Stipulation and Protective Order.

(c) The term "receiving party" shall mean the party to whom Confidential Information is produced.

**Designation of Confidential Information**

2. Each designating party who produces or discloses any material that it believes constitutes Confidential Information shall designate it as such. In designating confidential information, the designating party shall mark each page of a document "Confidential" or “Confidential Attorney’s Eyes Only.”

(a) Confidential Information may only be designated as "Confidential-Attorney's Eyes Only" when the information is Confidential Information, but is too sensitive, valuable, or difficult to protect from misuse to allow a wider circulation.

(b) When documents or things are produced for inspection, they may be collectively designated as "Confidential" or "Confidential-Attorney's Eyes Only" for purposes of the inspection, by letter or

otherwise, without marking each document or thing "Confidential" or "Confidential Attorney's Eyes Only." Once specific documents have been selected for copying, any documents containing confidential information may then be marked "Confidential" or "Confidential Attorney's Eyes Only" after copying but before delivery to the party who inspected and selected the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked "Confidential" or "Confidential Attorney's Eyes Only" pursuant to this procedure.

(c) Portions of depositions may be designated "Confidential" if they are designated as such at the time the deposition is taken or within thirty (30) days after the deposition transcript is received by the designating party or its counsel.

3. The parties recognize that during the course of this litigation, Confidential Information that originated with or is maintained by a non-party may be produced. Such information may be designated as "Confidential" or "Confidential Attorney's Eyes Only" and shall be subject to the restrictions contained in this Stipulation and Protective Order. If any Confidential Information is produced by a non-party to this litigation, such a non-party shall be considered a "designating party" within the meaning of that term as it is used in this Stipulation and Protective Order and the parties will each be treated as a "receiving party."

4. Except for testimony, documents and things disclosed in open court, in the event any designating party produces Confidential Information that has not been correctly designated, the designating party may re-designate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the re-designated information. The parties shall treat such information in accordance with this Stipulation and Protective Order, and shall undertake reasonable efforts to correct any disclosure of such information contrary to the re-designation. No proof of error, inadvertence, or excusable neglect shall be required for such re-designation.

**Disclosure of the Confidential Information**

5. Information designated "Confidential" may be disclosed only to the following:

(a) Counsel for a party and persons employed in the offices of such counsel;

(b) Independent consultants or experts and their staff not employed by or affiliated with a party who are retained either as consultants or expert witnesses for the purpose of this litigation;

(c) Plaintiffs;

(d) Employees or former employees of either party providing actual assistance in the conduct of the litigation in which the information is disclosed, but only to the extent necessary to allow them to provide that assistance;

Case: 3:09-cv-00086-wmc Document #: 51 Filed: 08/06/09 Page 6 of 14

(e) The Court and Court personnel, and Official Court Reporters to the extent that Confidential Information is disclosed at a deposition or hearing which they are transcribing;

(f) Any person being deposed in connection with this case.

The list of persons to whom Confidential Information may be disclosed identified in this Paragraph 5 may be expanded or modified by mutual agreement in writing by counsel for the parties to this action without the necessity of modifying this Stipulation and Protective Order.

6. Information designated "Confidential-Attorney Eyes Only" may be disclosed only to the following:

(a) Counsel for a party and persons employed in the offices of such counsel;

(b) Independent consultants or experts and their staff not employed by or affiliated with a party who are retained either as consultants or expert witnesses for the purpose of this litigation;

(c) The Court and Court personnel, and Official Court Reporters to the extent that Confidential Information is disclosed at a deposition or hearing which they are transcribing.

The list of persons to whom Confidential Information may be disclosed identified in this Paragraph 6 may be expanded or modified by mutual agreement in writing by counsel for the parties to this action without the necessity of modifying this Stipulation and Protective Order.

**Use and Control of the Confidential Information**

7. All information designated "Confidential" or "Confidential Attorney's Eyes Only" shall be used by its recipient solely for the purposes of this litigation and not for any business, competitive or other purpose.

8. If Confidential Information is contained in trial testimony, the portion of transcript containing such material may be designated as containing Confidential Information and shall be treated in accordance with this Stipulation and Protective Order.

9. All Confidential Information that is filed with this Court, and any pleadings, motions or other papers filed with this Court disclosing any Confidential Information, shall be filed and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

10. Any party may disclose its own Confidential Information in any manner that it considers appropriate. Confidential Information may be disclosed to any person no longer affiliated with a party who either authored or received the Confidential Information prior to the initiation of the litigation. Prior to any disclosure, such person must agree to be bound by this Stipulation and Protective Order.

11. No information may be withheld from discovery on the basis that the information requires greater protection than that afforded by this Stipulation and

Case: 3:09-cv-00086-wmc Document #: 51 Filed: 08/06/09 Page 8 of 14

Protective Order, unless the party claiming the need for greater protection moves for and obtains an order for such special protection from this Court.

12. Receiving parties shall keep all Confidential Information received from others in a secure area to prevent disclosure of Confidential Information to persons not authorized under this Stipulation and Protective Order.

**Duration of Order, Objection, Modifications**

13. This Stipulation and Protective Order shall remain in full force and effect until modified, superseded or terminated by order of this Court, which may be entered pursuant to the agreement of the parties to this action. This Stipulation and Protective Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed.

14. Upon final termination of this action (including all appeals), the designating party may demand that the receiving party either return to the designating party (at the designating party's expense) or destroy all Confidential Information received from the designating party within thirty (30) days of the demand. However, outside counsel for the receiving party may retain one copy of the Confidential Information, which shall remain subject to this Stipulation and Protective Order.

15. If the receiving party learns that Confidential Information produced to it is disclosed to or comes into the possession of any person other than in the manner authorized by this Stipulation and Protective Order, the receiving party

responsible for the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent disclosure by each unauthorized person who received such information and shall arrange for the retrieval of the same from the unauthorized person.

16. Any receiving party may at any time request that the designating party cancel the "Confidential" designation on any information produced. Such request shall be served on counsel for the designating party, and shall particularly identify the designated Confidential Information that the receiving party contends should not be designated as confidential and the reasons supporting its contention. If the designating party does not agree to remove the "Confidential" designation, then the party contending that such information should not be designated confidential may file a motion to be relieved from the restrictions of this Stipulation and Protective Order with respect to the information in question. On motion to be relieved from the restrictions of this Stipulation and Protective Order, the burden of demonstrating that the information is Confidential Information shall be on the designating party.

**No Waiver of Privileges**

17. The production by a party or non-party of any privileged or arguably privileged materials or information shall not be deemed to be: (a) a general waiver of the attorney-client privilege, the work product doctrine or any other applicable privilege or protection; (b) a specific waiver of any such privilege with respect to the material being produced or any subject matter thereof; or (c) a waiver of any other

rights the producing party or non-party may have under Fed. R. Evid. 502 and any applicable law. Upon the producing party's or non-party's request, the parties agree to return to the producing party or non-party inadvertently produced privileged materials.

**Other Remedies**

18. Nothing in this Stipulation and Protective Order shall prevent any party or non-party from seeking additional relief from this Court. This Stipulation and Protective Order may be amended by the written agreement of counsel for the parties in the form of a stipulation that shall be approved by the Court and filed herein.

19. It is recognized by the parties to this Stipulation and Protective Order that, due to the exigencies of providing numerous documents and the taking of testimony, certain documents or testimony may be designated erroneously as confidential, or documents or information that are entitled to confidential treatment erroneously may not be designated as confidential. The parties to this Stipulation and Protective Order may correct their confidentiality designations, or lack thereof, and then will, at their own expense, furnish to all counsel copies of the documents for which there is a change in designation, unless copies have already been provided.

20. Nothing contained in this Order, nor any action taken in compliance with it, will (a) operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information is, or is not, confidential or (b) prejudice in any way the right of any party to seek a Court determination of whether or not it should remain confidential and subject to the

terms of this Stipulation and Protective Order. Any party to this Stipulation and Protective Order may request the Court to grant relief from any provision of this Stipulation and Protective Order.

21. Nothing in this Stipulation and Protective Order shall be deemed to preclude any party or interested member of the public from seeking and obtaining, on an appropriate showing, a modification of this Stipulation and Protective Order, including additional protection with respect to the confidentiality of material or the removal of a confidential designation. Should counsel or an interested member of the public disagree with any designation of a document as confidential, he or she first shall attempt to resolve such dispute with the party asserting confidentiality, and, if unsuccessful, apply to the Court for a determination as to whether the document or information should remain designated as confidential.

22. The Court retains jurisdiction to make such amendments, modifications and additions to this Stipulation and Protective Order as the Court may from time to time deem appropriate. The Court shall further retain jurisdiction to resolve any disputes concerning the disposition of materials containing Confidential Information at the termination of this action for the period of one-year.

23. This Agreed Protective Order complies with the mandates set forth by the Seventh Circuit in *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 945 (7th Cir. 1999), *Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002), and *Union Oil Co. of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000).

Case: 3:09-cv-00086-wmc Document #: 51 Filed: 08/06/09 Page 12 of 14

Dated this 5th day of August 2009.

**HAWKS QUINDEL, S.C.**

By: /s/ William E. Parsons
William E. Parsons, State Bar No. 1048594
222 West Washington Avenue, Suite 450
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236

**VINCENT LOPEZ SERAFINO JENEVEIN, P.C.**

By: /s/ M. Brandon Waddell
M. Brandon Waddell, Texas Attorney No. 24042106
Joel E. Geary, Texas Attorney No. 24042129
Dawn K. Doherty, Texas Attorney No. 00793625
2001 Bryan Street, Suite 2000
Dallas, Texas 75201
Telephone: (214) 979-7400

and

Bradley C. Fulton, State Bar No. 1023846
Sara E. Spiering, State Bar No. 1059677
DEWITT ROSS & STEVENS, S.C.
Two East Mifflin Street, Suite 600
Madison, Wisconsin 53703
Telephone: (608) 255-8891

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: /s/ Dorothy D. Parson
Dorothy D. Parson, State Bar No. 1059032
111 Monument Circle, Suite 4600
Indianapolis, Indiana 46204
Telephone: (317) 916-1300
Facsimile: (317) 916-9076
dorothy.parson@ogletreedeakins.com

Michael H. Cramer, Illinois Attorney No. 6199313
Jennifer L. Colvin, Illinois Attorney No. 6274731
20 South Clark Street, 25th Floor
Chicago, IL 60603-1891
Telephone: (312) 328-1900
Facsimile: (205) 328-6000
michael.cramer@ogletreedeakins.com
jennifer.colvin@ogletreedeakins.com

Case: 3:09-cv-00086-wmc Document #: 51 Filed: 08/06/09 Page 14 of 14

**PROPOSED ORDER**

IT IS ORDERED THAT the above Stipulation and Protective Order of the parties shall stand as the Order of this Court.

Entered this 6th day of August 2009.

BY THE COURT:

Peter Oppeneer

~~Barbara B. Crabb~~ PETER OPPENEER
~~District Judge~~ MAGISTRATE JUDGE